# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 130
HENRY H. DENNIS v. EARL W. COBLE et al

Ohio Court of Appeals, Lucas County
No. 1271. Jan. 22. 1923

FORCIBLE DETENTION—(1) Notice to leave computing time of service—(2) Service of before lease expires.

RICHARDS, J.

Epitomized Opinion

Error to Lucas Common Pleas

Defendants above commenced an action in the Toledo Municipal Court to recover certain real property alleged to be forcibly detained by Dennis. Judgment for plaintiffs was given, and this affirmed by the Common Pleas. Two questions appeared in the case—one, on what date due the lease to Dennis expire, and the other, was the notice to quit a lawful one.

1. That under the lease the tenacy would expire June 30, 1922. The notice to quit was served on Dennis, June 27, and contained the usual recital as to compliance within three days. The action was not brought until July 10. Under the provisions of 10216 GC., providing the time within which an act shall be done required by law, shall be computed, the tenant was not required to quit, under the notice until June 30, the day on which the right to occupy the premises would expire, and the notice was in accordance with law, citing Bushong v. Graham, 4 CC. 138 and distinguishing in Mone v. Pape, 9 CC. 168.

2. Where a lease expires June 30, a lawful three days' notice to quit may be served on June 27. Under such a notice the tenant would have all the 30th day of June to quit, the day on which he is required to a vacate by the terms of the lease.

Attorneys—Greer & Lane, for Dennis; Miller and Wall, for Coble.

### No. 131
DETROIT & T. S. L. RD. CO. v. TALOFF

Ohio Court of Appeals, Lucas County
No. 1241. Jan. 22, 1923

PERSONAL INJURY—Assumed risk, a question of fact for jury—Verdict against manifest weight of evidence.

RICHARDS, J.

Epitomized Opionion

Error to Lucas Common Pleas

Taloff and another employe of the railroad company, B., were cutting nuts from bolts in order to remove them from T rails on its tracks. A piece of a nut is claimed to have been driven violently from the nut, and striking T. violently in the mouth, resulting in the injury complained of. The negligence claimed is that because of anger of B towards a superior employe of the company, he struck unusually hard blows in wielding the maul upon the chisel, causing the piece to fly off, when he should have gauged the blows, and struck the chisel with proper care. The company claimed T. assumed the risk. T. obtained a verdict and judgment for $400.
Held:
1. That while an employe does not assume a risk attributable to his employer's negligence, until he becomes aware of it, unless it is so plainly observable that he must be presumed to have knowledge of it, the matter of the assumption of risk is a question of fact for the jury under proper instructions from the court, and that a finding by the jury, if it did so find, that T. did not assume the risk, was clearly against the manifest weight of the evidence. Judgment reversed.

Attorneys—Geddes, Schmettan & Williams, and Walter Eversman, for Railway; Miller & Brady, and Joseph A. Yager, for Taloff.